UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN MARQUIS LEBARON,<br><br>             Plaintiff,<br><br>  vs.<br><br>CLAUDETTE LARENE BUCKINGHAM<br>and ROLAND DOUGHERTY,<br><br>             Defendants. | NO. CV-07-400-RHW<br><br>ORDER DECLINING JURISDICTION,<br>DISMISSING ACTION AND CLOSING FILE |

Plaintiff, a Massachuset State prisoner, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against his former wife and a privately retained psychologist, claiming they interfered with his parental rights in violation of the United States Constitution. The court has made no ruling regarding Plaintiff's application to proceed *in forma pauperis*.

**DOMESTIC RELATIONS IN FEDERAL COURT**

Matters involving family law/domestic relations are best deferred to the state. The State has a strong interest in domestic relations; state courts have relative expertise in this area and the ability to provide ongoing supervision; and it is undesirable to have potentially incompatible federal and state decrees in this area. *See, e.g., Ingram v. Hayes*, 866 F.2d 368, 369-70 (11th Cir. 1988) (per curiam); *DiRuggiero v. Rodgers*, 743 F.2d 1009, 1019-20 (3d Cir. 1984); 13B

ORDER DECLINING JURISDICTION, DISMISSING ACTION AND CLOSING FILE -- 1

Wright & Miller, Federal Practice and Procedure § 3609, at 461 (1984).

It is well established policy that the federal courts should abstain from exercising jurisdiction in domestic disputes. *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983)(per curiam)(decisions regarding the welfare of children have been traditionally left to the state and to the state courts.) *Cf. Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502 (1982). "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler,* 280 U.S. 379, 383 (1930)(quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)).[1]

Clearly, based on Plaintiff's prayer for relief, his primary objective in filing this case is for this Court to overturn the state court decisions regarding the dependency of his son. The Plaintiff's

---

[1] "In keeping with this principle, 'federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife.' *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968); *see also Csibi v. Fustos*, 670 F.2d 134, 137-38 (9th Cir. 1982). Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters. *See, e.g., Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir. 1981); *Bergstrom v. Bergstrom,* 623 F.2d 517, 520 (8th Cir. 1980); *Huynh Thi Ahn v. Levi*, 586 F.2d 625, 632-34 (6th Cir. 1978); *Hernstadt v. Hernstadt*, 373 F.2d 316, 318 (2d Cir. 1967)." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

ORDER DECLINING JURISDICTION, DISMISSING ACTION AND CLOSING FILE -- 2

claims are a blatant collateral attack on state court decisions disguised as a civil rights claim. *See CSIBI*, 670 F.2d at 138 (holding that pleading an independent tort does not circumvent the domestic relations exception to federal court jurisdiction); *see also Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) (holding that district court lacked jurisdiction to hear a § 1983 claim that in essence sought to reverse a state court's child custody determination). This Court does not have jurisdiction based on section 1983 to review the constitutionality of judgments rendered in a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see also Robbins v. District Court of Worth County, Iowa*, 592 F.2d 1015, 1016 (8th Cir. 1979)(res judicata bars § 1983 action challenging parental rights termination on constitutional grounds not raised in state court proceedings).

Moreover, under the doctrine of equitable abstention, "federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child," even when constitutional claims are asserted. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir.), *cert. denied*, 484 U.S. 802 (1987).

Therefore, **IT IS ORDERED,** the court declines jurisdiction over Plaintiff's claims and the action is **DISMISSED without prejudice** to filing in the appropriate state court. All pending Motions are **DENIED as moot.**

///

///

///

ORDER DECLINING JURISDICTION, DISMISSING ACTION AND CLOSING FILE -- 3

1  **IT IS SO ORDERED.** The District Court Executive is directed to
2  enter this Order, forward a copy to Plaintiff at his last known
3  address and close the file.
4      **DATED** this 28th day of March 2008.

6          <u>s/Robert H. Whaley</u>
7          ROBERT H. WHALEY
        CHIEF UNITED STATES DISTRICT JUDGE

Q:\CIVIL\2007\7cv400rhw-3-18-decljx.wpd

28 ORDER DECLINING JURISDICTION, DISMISSING ACTION AND CLOSING FILE -- 4